**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL CASTANON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-10333 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| ILLINOIS CENTRAL RAILROAD | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Miguel Castanon was working as a carman for Defendant Illinois Central Railroad Company ("IC") at the railroad's property in Gary, Indiana, when he injured his right hand. Claiming that his injury was caused by IC's failure to provide him with a safe place to work and other negligent acts, Castanon brought the present action asserting a claim under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* Now, IC moves to transfer venue pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 10.) For the following reasons, IC's motion is denied.

## BACKGROUND

On May 22, 2024, Castanon was working as a carman for IC at the Kirk Rail Yard in Gary, Indiana. That day, Castanon was assigned to change out a rail car's broken roller bearing cage. To perform that repair work, Castanon used wooden blocks and a jack, both provided by IC, to lift the rail car so that he could access the roller bearing cage. While he was attempting to cut the bolts off the roller bearing cage, the wooden blocks failed and the rail car fell about six inches onto Castanon's right hand. As a result, Castanon sustained crushing injuries to the pointer finger and thumb of his right hand. He was then rushed to a local hospital in Indiana and,

from there, transferred to the University of Chicago Hospital, where he underwent a traumatic amputation of his right index finger and an open fracture dislocation of his right thumb. After the operation, Castanon received further care from a hand surgeon at Midwest Orthopedics at Rush Medical Center in Chicago. Castanon's hand surgeon has advised that Castanon may potentially need additional surgery on his right hand.

According to Castanon, his severe right-hand injuries were the result of IC's failure to provide a reasonably safe workplace and other negligent acts. Because Castanon was injured in the course of his employment with a railroad engaged in interstate commerce, he filed this lawsuit asserting a claim under the FELA. Although Castanon is a resident of Crown Point, Indiana, located within the Northern District of Indiana, he opted to bring his lawsuit in the Northern District of Illinois. Despite the fact that its corporate headquarters is located in Homewood, Illinois, which is within the Northern District of Illinois, IC asks this Court to transfer the action to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

Section 1404(a) provides that, even when venue is appropriate in the district where a case is currently pending, "a district court may transfer any civil action to any other district or division where it might have been brought," if certain factors weigh in favor of doing so. 28 U.S.C. § 1404(a). Under that statute, a case may be transferred if: "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *3 (N.D. Ill. Jan. 25, 2013). Here, the parties agree that venue would be proper in both this District and the Northern District of Indiana. That leaves for this Court to determine whether transferring Castanon's claims to the Northern District of Indiana satisfies the convenience and interest of justice factors. The moving party has the burden of establishing that

2

the transferee forum is more convenient, and the balance of factors must weigh heavily in favor of transfer. *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007).

## I.  Convenience of the Parties and Witnesses

In undertaking the convenience analysis, the Court looks to five factors: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties." *Johnson*, 2013 WL 323404, at *4. The Court addresses each in turn.

### A.  Plaintiff's Choice of Forum

Generally, a plaintiff's choice of forum is given substantial weight, especially when the chosen forum is the plaintiff's home forum. *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1059 (N.D. Ill. 2015). However, less deference is afforded where, as here, the plaintiff's chosen forum is not his home forum. *E.g.*, *Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 960 (N.D. Ill. 2013). Nonetheless, Castanon asserts that special deference should be given to his choice of forum due to the FELA's special venue provision. In particular, 45 U.S.C. § 56 provides that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." According to Castanon, this provision gives a FELA plaintiff a substantial right to choose his forum.

Although at least one court in this District has taken the view that weight should be accorded to the plaintiff's chosen forum simply by force of the FELA's venue provision, *see Firkus v. Soo Line Railroad Co.*, No. 96 C 3714, 1996 WL 568803, at *1 (N.D. Ill. Oct. 2, 1996), that appears to be a minority position. As even *Firkus* acknowledges, the FELA's venue "provision does not shield a plaintiff in a FELA action from the applicability of section 1404(a)." *Id.* at *2. Thus, most district courts have declined to give the plaintiff's choice of forum special

consideration in a FELA case. *E.g.*, *Bjoraker v. Dakota, Minn. & E. R.R. Corp.*, No. 12 C 7513, 2013 WL 951155, at *3 (N.D. Ill. Mar. 12, 2013) ("[C]ourts in this District have not extended heightened deference to a plaintiff's choice of forum in FELA cases."); *Nasser v. Soo Line R.R. Co.*, No. 96 C 8636, 1997 WL 223063, at *1 n.1 (N.D. Ill. Apr. 25, 1997) (rejecting the position that the FELA's venue provision means "that a FELA plaintiff's choice of forum has stronger weight than in other cases").

This Court agrees that the FELA's special venue provision does not change the usual choice-of-forum analysis. Accordingly, because Castanon lives in the Northern District of Indiana and the events underlying this action occurred in that district, his choice of forum is given less weight. *Binz v. Iowa Interstate R.R., Ltd.*, No. 98 C 6381, 1999 WL 90642, at *1 (N.D. Ill. Feb. 10, 1999) ("[W]hen the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." (internal quotation marks omitted)). Though Castanon's choice of forum receives less deference than normal, it nonetheless points slightly toward keeping the case in this District.

### B.    Situs of Material Events

The situs of material events in a FELA case is the location where the accident causing the plaintiff's injuries occurred. *E.g.*, *Burden v. CSX Transp., Inc.*, No. 08-cv-04-DRH, 2009 WL 10726734, at *3 (S.D. Ill. Apr. 27, 2009). Castanon was injured while working at the Kirk Rail Yard in Gary, Indiana, which is in the Northern District of Indiana. While IC contends that the Northern District of Illinois has some relationship to the material events because that is where IC has its principal place of business, IC fails to explain the relevance of its corporate headquarters to the accident that occurred in its Indiana rail yard. Put another way, IC is unable to point to some action taken at its corporate headquarters that played a role in the accident causing

4

Castanon's injury. With all the material events having occurred in the Northern District of Indiana,[1] the situs of material events factor favors transfer.

## C.     Relative Ease of Access to Sources of Proof

In cases involving primarily documentary evidence, courts generally give little, if any, weight to the factor of access to sources of proof because "documents are presumed to be easily transportable and their location need not dictate the location of the litigation." *Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, No. 11 C 2231, 2012 WL 1886440, at *19 (N.D. Ill. May 22, 2012). But here, it is at least possible that the actual wooden blocks and the jack whose failure resulted in Castanon's injury could be introduced into evidence. Further, the rail yard itself could be a relevant source of proof even though "it is rare that an on-site visit will be necessary." *McKnight v. Ill. Cent. R.R. Co.*, No. 09-cv-201-DRH, 2009 WL 10687892, at *2 (S.D. Ill. Nov. 5, 2009). At the same time, it is likely that evidence regarding the equipment and the conditions of the rail yard "will come in via witness testimony and photographic evidence." *Id.* For these reasons, the sources of proof factor points to the Northern District of Indiana but only slightly.

## D.     Convenience of the Witnesses

Often, the convenience of the witnesses is the most important factor in the transfer analysis. *Rosen*, 152 F. Supp. 3d at 1061. However, "the convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses." *AL & PO Corp. v. Am. Healthcare Cap., Inc.*, No. 14 C 1905, 2015 WL

---

[1] The Court notes that, following his injury, Castanon was transferred to a Chicago hospital for treatment. However, Castanon's medical treatment is not a part of the material events giving rise to his claim. *Lee v. Love's Travel Stops & Country Stores, Inc.*, No. 15-cv-7774, 2015 WL 6742074, at *2 (N.D. Ill. Nov. 3, 2015) ("Where a plaintiff seeks damages for a personal injury, medical treatment generally does not constitute a material event ***giving rise*** to the claims." (internal quotation marks omitted)).

738694, at *4 (N.D. Ill. Feb. 19, 2015). Here, the main non-party witnesses will be the medical providers who treated Castanon's injury from the falling rail car.

When Castanon was rushed to the University of Chicago Hospital after his accident, Dr. Jason Strelzow performed the emergency surgery to amputate Castanon's right index figure and treat the fracture dislocation to his right thumb. Given his work at University of Chicago, it is probable that the Northern District of Illinois is more convenient for Dr. Strelzow. Following his emergency surgery, Castanon received further care from a Chicago-based hand surgeon, Dr. Mark Fernandez. Castanon has submitted a declaration attaching a letter from Dr. Fernandez in which Dr. Fernandez states that his preference is to testify in this District. (Pl.'s Opp'n, Ex. B, Decl. of George Brugess, Dkt. No. 15-2.) Even accounting for the fact that Castanon is undergoing physical therapy in the Northern District of Indiana and one of his Indiana-based physical therapists might be called to testify, the convenience of the non-party witnesses favors this District.

While courts give greater consideration to the convenience of non-party witnesses as opposed to party witnesses, the convenience of party witnesses nonetheless matters in the analysis. *See First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) ("Party witnesses are certainly given some weight . . . ."). IC lists as fact witnesses several of its employees who were working at the Kirk Rail Yard and witnessed Castanon's accident. Most of those potential party witnesses live in the Northern District of Indiana and all work there.[2] But even accounting for the fact that the Northern District of Indiana is more convenient for the party

---

[2] In his sur-reply, Castanon argued that one potential IC employee-witness not only resided in Illinois but also worked in Illinois. That led IC to seek leave to file that employee's declaration affirming that he works at the Kirk Rail Yard in Gary, Indiana, and stating that, if called as a witness, it would be more convenient for him to testify in the Northern District of Indiana. (Dkt. No. 25.) The Court has considered that declaration in its transfer analysis.

witnesses, the two most important non-party witnesses prefer the Northern District of Illinois and, for that reason, the Court finds that the convenience of the witnesses factor weighs against transfer.

### E.      Convenience of the Parties

When considering the convenience of the parties, "the court should consider [the parties'] respective residences and their ability to bear the expenses of litigating in a particular forum." *Law Bull. Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998). "[T]he moving party . . . has the burden of showing that the original forum is inconvenient for the defendant and that the alternative forum does not significantly inconvenience the plaintiff." *Marshall v. Wexford Health Sources, Inc.*, No. 13 C 8678, 2014 WL 2536246, at *3 (N.D. Ill. June 5, 2014) (internal quotation marks omitted). Here, IC cannot plausibly claim that it is inconvenient for it to litigate in this District where it keeps its headquarters. On the other hand, while this District is arguably more inconvenient to Castanon, he nonetheless elected to file here. Thus, the convenience of the parties factor weighs in favor of the Northern District of Illinois.

### II.      Interest of Justice

In addition to the convenience of parties and witnesses, courts also consider the interest of justice in determining whether to transfer. Indeed, the interest of justice "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Rosen*, 152 F. Supp. 3d at 1062. The underlying interest of justice factors concern "the efficient functioning of the court." *Lafleur v. Dollar Tree Stores, Inc.*, No. 1:11 CV 8473, 2012 WL 2280090, at *6 (N.D. Ill. June 18, 2022). Among the factors considered in the analysis are "docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the

controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

Weighing in favor of transfer are the public-interest factors accounting for the local community's interest in the litigation. Because the IC's alleged negligence occurred in the Northern District of Indiana and resulted in injury to one of its residents, the Northern District of Indiana has a strong relationship to the case. *E.g.*, *Raddenbach v. Soo Line R.R. Co.*, No. 99 C 2588, 1999 WL 984393, at *2 (N.D. Ill. Oct. 25, 1999) (explaining that the relationship to the community factor favored Wisconsin in a "case involve[ing] negligent conduct which occurred in Wisconsin and injured a Wisconsin citizen employed in Wisconsin"); *see also Craik*, 37 F. Supp. 3d at 963–64 ("[T]he interest of justice is better served when a forum contains a community that has a strong desire to resolve a particular dispute and that has an invested stake in the matter such that the venue is closer to the action." (internal quotation marks omitted)). With respect to docket congestion and speed to trial factors, statistics from March 2023 show that, in the Northern District of Illinois, there were 549 pending cases per judge and cases took about 53.5 months from filing to trial. (Def.'s Reply, Ex. D, Dkt. No. 18-4.) In the Northern District of Indiana, there were 487 pending cases per judge and cases took about 50.3 months from filing to trial. Thus, the docket congestion factor weighs in favor of the Northern District of Indiana but the 3.2-month time-to-trial difference is not significant, making that factor neutral. Finally, because Castanon's FELA claim arises under federal law, both Districts are equally familiar with the applicable law and that factor is also neutral. *Johnson*, 2013 WL 323404, at *6.

### III.    Overall Balance

Both the Northern District of Illinois and the Northern District of Indiana can claim factors weighing in their favor. Perhaps the most important factor, convenience of the witnesses, favors the Northern District of Illinois, as do the choice of forum and convenience of parties

factors. Weighing in favor of transfer to the Northern District of Indiana are the situs of material events and access to proof factors, along with the balance of the interest of justice factors. Considered together, the factors are evenly balanced. Yet, as discussed above, transfer is only appropriate when the § 1404(a) factors weigh heavily in favor of IC's preferred venue. Because that is not the case here, the action will remain before this Court.

**CONCLUSION**

For the foregoing reasons, IC's motion to transfer venue (Dkt. No. 10) is denied.

ENTERED:

Dated:  July 22, 2025

Andrea R. Wood
United States District Judge